UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00839 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 41] |
| v. | : | |
| CLEOPHAS DAVIS, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this criminal matter, Defendant Cleophas Davis entered a guilty plea to four drug-related charges.[1] On December 8, 2021, the Court sentenced Davis to a total term of 110 months.[2]

On March 8, 2024, Defendant Davis filed a motion to lower his sentence.[3] In his motion, Davis makes two arguments. First, Davis says that the Court must dismiss one of his charges for failure to state an offense.[4] Second, Davis claims that the government did not present sufficient evidence to prove Davis's crimes.[5]

With his first argument, Defendant Davis appears to make a motion to dismiss for failure to state an offense under Federal Rule of Criminal Procedure 12. But Rule 12(b)(3)(B)(v) requires such motions to be made before trial. Davis's motion to dismiss comes well after the Court sentenced Davis, so the motion to dismiss is untimely.

---

[1] Doc. 36 at PageID 258.
[2] *Id.* at PageID 259.
[3] Doc. 41.
[4] *Id.* at PageID 280.
[5] *Id.* at PageID 281–82.

Case No. 1:20-cr-00839
GWIN, J.

With Davis's second argument, it is unclear whether Davis seeks to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), or if Davis is attempting to challenge his conviction under 28 U.S.C. § 2255.

If brought under § 3582, Davis's evidence sufficiency argument fails because § 3582 does not allow defendants to challenge the validity of their sentences. Section 3582(c)(1)(A) allows for sentence reductions when there are "extraordinary and compelling reasons."[6] By contrast, § 2255 is the proper pathway for arguing that a "sentence was imposed in violation of the Constitution or laws of the United States."[7] Defendants cannot use § 3582 to get around the limitations in § 2255.[8]

Construed as a § 2255 motion, Davis's evidence sufficiency argument still fails. For one, Davis generally waived his right to collateral attack in his plea agreement.[9] While the plea agreement creates exceptions for ineffective assistance of counsel and prosecutorial misconduct,[10] Davis's evidence sufficiency claim does not fall within those exceptions.

Davis's claim is also barred by § 2255's one-year statute of limitations.[11] Davis's conviction became final well over one year ago, and none of the other scenarios that might extend the statute of limitations apply here.[12]

So, the Court **DENIES** Defendant Davis's motion.

IT IS SO ORDERED.

Dated: April 10, 2024      *s/ James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[6] 18 U.S.C. § 3582(c)(1)(A).
[7] 28 U.S.C. § 2255(a).
[8] *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021).
[9] Doc. 42 at ¶ 18; *see also Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (collateral attack waivers are enforceable).
[10] Doc. 42 at ¶ 18.
[11] *See* 28 U.S.C. § 2255(f).
[12] *See id.*